IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-352 |
| ) | Judge Nora Barry Fischer |
| SAMUEL J. MANFREDI and ) | |
| MARILYN T. MANFREDI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

On September 25, 2007, a grand jury returned an eight-count indictment against Samuel J. Manfredi and Marilyn T. Manfredi (collectively, "Defendants") charging both with the following crimes: (1) at Count 1 with conspiracy to commit offenses against the United States under 18 U.S.C. § 371 including income tax evasion in violation of 26 U. S. C §7201, filing false tax returns in violation of 26 U.S.C. § 7206(1) and structuring currency transactions in violation of 31 U.S.C. §5324(a)(3) and 18 U.S.C. § 2; (2) at Counts 2-4 with income tax evasion in violation of 26 U.S.C. § 7206(1); and (3) at Count 8 with structuring currency transaction in violation of 31 U.S.C. §5324(a)(3) and 18 U.S.C. § 2. (Docket No. 2). The indictment further charges Samuel J. Manfredi only at Counts 5-7 with filing false tax returns in violation of 26 U.S.C. §7206(1). *Id.* This matter is before the Court on Defendants Samuel J. Manfredi and Marilyn T. Manfredi's Pretrial Motions filed on May 13, 2008. As a preliminary matter, the Court has granted Defendant Samuel J. Manfredi's "Motion to Adopt and Join In Motions of Co-Defendant" (Docket No. 43) and Defendant Marilyn T. Manfredi's "Motion to Join Motions filed by Co-Defendant" (Docket No. 50). Accordingly, when applicable, the Court will discuss each Pretrial Motion as applied to both

1

Defendants. In total, Defendants have filed sixteen Pretrial Motions to date. This Memorandum Opinion addresses the following Pretrial Motions:

> A. *Motion for Disclosure of 404(b) Evidence* (Docket No. 29);
>
> B. *Motion for Revelation of Identity of Informants* (Docket No. 51);
>
> C. *Motion to Preserve Evidence* (Docket No. 55);
>
> D. *Motion for Government Disclosure of Rule 807 "Residual Exception" Statements* (Docket No. 46);
>
> E. *Motion for Pretrial Disclosure of All <u>Brady</u> Materials* (Docket No. 48);
>
> F. *Motion for Discovery and Notice of Intention to Use Evidence* (Docket No. 32); and,
>
> G. *Motion for Search of Personnel Files of Government Agency Witnesses* (Docket No. 45).

Based on the following, the above Pretrial Motions by Defendants are DENIED.

## II. DISCUSSION

At the outset, the Court acknowledges that several of the Defendants' Pretrial Motions appear to be in violation of the Local Criminal Rules, particularly Local Criminal Rule 16.1, or at least to violate the spirit of the Rules.[1] Nevertheless, the Court now turns to the merits of Defendants'

---

[1] Local Criminal Rule 16.1, entitled Discovery and Inspection, governs the procedures to which counsel for the Government and the Defendants are to meet and confer as to discovery issues in criminal cases. *See* Local Criminal Rule 16.1(A). The procedures require that if counsel for either party declines to make any of the disclosures contained in Federal Rule of Criminal Procedure 16, that the party shall notify the other party, in writing, of such declination. *See* Local Criminal Rule 16.1(B). The Rules further provide that if either party requires additional discovery or inspection, that counsel requesting such material shall confer with opposing counsel "with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court." Local Criminal Rule 16.1(C). If a party objects to a declination by an opposing party or if an agreement cannot be reached between the parties as to additional discovery or inspection, a party can then file a motion with the Court to resolve such dispute "within the time set by the court for the filing of pretrial motions." *See*

arguments and will discuss each of the Defendants' motions, in turn.

  A.  *Motion for Disclosure of 404(b) Evidence*

In their motion for disclosure of 404(b) evidence, Defendants request the pretrial disclosure of any evidence which the Government will seek to proffer at trial pursuant to Federal Rule of Evidence 404(b) and "for the exclusion of any such proffered evidence found to be inadmissible pursuant to Federal Rule of Evidence Rules 403 and 404(b)." (Docket No. 29). In its response, the Government does not object to this request by the Defendants and further asserts that "[t]he Government understands its obligations under Rule 404(b), and intends to comply with them. At this time, however, government counsel is uncertain as to which evidence, if any, will be offered at trial pursuant to Rule 404(b)." (Docket No. 68 at 1-2). The Court finds that as to the disclosure of 404(b) evidence to be used at trial, the Government has represented to the Court an intent to disclose such information prior to trial, and such disclosure shall be made prior to trial, unless otherwise ordered by the Court. The Court also finds that the Defendants' request that certain 404(b) evidence be excluded is premature because the Court has yet to set a deadline for the filing of motions in limine. The Court notes that its standard Criminal Pretrial Order sets forth the date by which the Government is required to provide the defendant with 404(b) evidence and will also establish a schedule for the filing of motions in limine. *See* Practices & Procedures of Judge Nora Barry Fischer, § VI(E)(5) ("[u]nless otherwise scheduled in the pretrial order, motions in limine are to be filed, together with any supporting brief, at least two (2) weeks in advance of trial."). Accordingly, Defendants' Motion [29] is DENIED, as moot.

---

Local Criminal Rule 16.1(D).

B.   *Motion for Revelation of Identity of Informants*

Defendants have filed a Motion for Revelation of Identity of Informants pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment. (Docket No. 51). In such Motion, Defendants request that the Court order the Government to identify any government informants that possess material information as to the Defendants' guilt or innocence, and who were present at any of the events described in the indictment. (Docket No. 51 at 1). Defendants further request the disclosure of any government reports that contain information received from those informants. *Id*. In response, the Government represents to the Court that "[t]he [G]overnment has not used any 'informants' in this case" and requests that the Defendants' motion be denied. (Docket No. 64). Given the representations by the Government that no informants were used in the investigation of this case, the Court hereby orders that Defendants' Motion [51] is DENIED, as moot.

C.   *Motion to Preserve Evidence*

Defendants have also filed a Motion to Preserve Evidence [55] in which the Defendants request that the Court order the Government to preserve "all potentially discoverable evidence gathered in the course of the criminal investigation" including notes taken by the Government during witness interviews. (Docket No. 57 at 1-2). In response, the Government represents to the Court that "Government counsel has verbally, and in writing, informed the investigating agencies to not destroy any notes, objects, reports or other information/documents gathered during the investigation of this case." (Docket No. 67 at 1). Given the representations by the Government that it has agreed to comply with the Defendants' request, the Defendants' Motion [55] is DENIED, as moot.

D.   *Motion for Government Disclosure of Rule 807 "Residual Exception" Statements*

4

Defendants next bring a motion requesting the "disclosure by the government to the defense of residual statements made pursuant to [Federal Rule of Evidence] 807." (Docket No. 46). Defendants request immediate disclosure by the Government of its "intention to offer the [Rule 807 residual] statement and the particulars of it, including the name and address of declarant." (Docket No. 65 at 2). The Government responds by asserting that it "does not intend to offer any evidence under Rule 807. If that changes, the [G]overnment will provide notice to the [D]efendants 'sufficiently in advance of trial' as required by Rule 807." (Docket No. 65). The Court finds that the Government's response sufficiently addresses the Defendants' request as to Rule 807 "Residual Exception" disclosures. Accordingly, Defendants' Motion for Government Disclosure of Rule 807 "Residual Exception" Statements [46] is DENIED, as moot.

E.     *Motion for Pretrial Disclosure of All <u>Brady</u> Materials*

In their Motion for Pretrial Disclosure of All *Brady* Materials [48], Defendants request a Court "order requiring the immediate disclosure to the defense of all exculpatory and/or impeaching material in the prosecution's possession, custody or control or which is otherwise known to the prosecution" pursuant to the United States Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), and its progeny. (Docket No. 48 at 1). Immediate disclosure has been requested in order for defense counsel to effectively prepare for the representation of Defendants at trial.

In response, the Government states that "Government counsel understands its *Brady* obligations, and intends to comply with those obligations, without regard to whether the defense files pleadings demanding such compliance." (Docket No. 70 at 2). "In the instant case, the [G]overnment has provided defense counsel with access to all documents gathered during this

5

investigation. The [G]overnment has not disclosed any *Jencks* materials or witness statements." (Docket No. 70 at 4). The Government distinguishes between exculpatory evidence required to be produced under *Brady* and Local Criminal Rule 16.1F and materials that are used purely for impeachment purposes. As to the exculpatory materials, the Government represents to the Court that it has fully complied with Local Criminal Rule 16.1F and *Brady* by providing any evidence favorable to the Defendants within five (5) days of the arraignment. (Docket No. 70 at 4-5). Specifically, the Government states that the Defendants are aware of the only exculpatory materials in their possession, statements by "employee Elaine Zucarelli, who informed the government that she believes that all cash payments received by the clients for participation in the convention were recorded on the books of Aquarian, and deposited to the corporate bank accounts." (Docket No. 70 at 4). As to the impeachment materials, "[t]he [G]overnment contends that its obligation to turn over such material is satisfied if it does so in time for its effective use at trial by defendants." (Docket No. 70). The Government then represents that it will make its Jencks Act and corresponding impeachment materials available to the Defendants "three days prior to the commencement of jury selection in order to avoid undue delays in the administration of the trial." (Docket No. 70 at 5).

In *United States v. Starusko*, the United States Court of Appeals for the Third Circuit succinctly described the differences between evidence classified as either Jencks Act or *Brady* material. *U.S. v. Starusko*, 729 F.2d 256, 263 (3d Cir. 1984). The Court of Appeals held the following:

> [a]ll Jencks Act statements are not necessarily *Brady* material. The Jencks Act requires that any statement in the possession of the government--exculpatory or not-- that is made by a government witness must be produced by the government during trial at the time specified by the statute. *Brady* material is not limited to statements of

6

> witnesses but is defined as exculpatory material; the precise time within which the government must produce such material is not limited by specific statutory language but is governed by existing case law. Definitions of the two types of investigatory reports differ, the timing of production differs, and compliance with the statutory requirements of the Jencks Act does not necessarily satisfy the due process concerns of *Brady*.

*Starusko*, 729 F.2d at 263 (citing *United States v. Campagnuolo*, 592 F.2d 852, 858-60 (5th Cir.1979); *United States v. Murphy*, 569 F.2d 771, 774 (3d Cir. 1978), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978). As quoted above, the Jencks Act does not require the Government to disclose to the defendant any statement or report of a government witness until after the witness testifies on direct examination. *See* 18 U.S.C. § 3500(b). With regard to *Brady* materials, this Court "has general discretionary authority to order the pretrial disclosure of *Brady* impeachment material and that discretion is to be exercised in a manner which 'ensure[s] the effective administration of the criminal justice system.'" *United States v. Bledsoe*, Criminal No. 05-370, 2006 WL 3098770 at *3 (W.D. Pa. October 30, 2006) (quoting *Government of Virgin Islands v. Martinez*, 847 F.2d 125, 127 (3d Cir.1988)). The United States Court of Appeals for the Third Circuit, however, has "a longstanding policy of promoting early production" of *Brady* materials. *Starusko*, 729 F.2d at 261.

Here, the Court finds that the Defendants' request for the *immediate* release of all *Brady* and impeachment materials is unwarranted. The Government has represented to the Court that it understands its *Brady* obligations, that it has disclosed all exculpatory evidence and *Brady* materials in its possession to the Defendants as well as all documents that the Government has gathered during this investigation and that it will provide the Defendants with all impeachment materials three days prior to jury selection. A trial date has yet to be set in this matter and the Court's standard Pretrial

7

Order generally requires the disclosure of all *Brady* and impeachment materials in advance of the Government's suggested deadline of three days prior to jury selection, a date that cannot be calculated at this time. *See* Practices and Procedures of Judge Nora Barry Fischer, §VI(E)(8) ("[a]ll *Brady* material within the possession or control of the Government or its agents should be disclosed well in advance of trial, and the Government is under a continuous obligation to disclose such material to the defense."). Accordingly, Defendants' Motion [48] is DENIED and the Government shall provide all impeachment materials to the Defendants three days prior to jury selection, unless otherwise ordered by the Court.

      F.    *Motion for Discovery and Notice of Intention to Use Evidence*

Defendants have also filed a Motion for Discovery and Notice of Intention to Use Evidence pursuant to Federal Rules of Criminal Procedure 16 and 12(b)(4)(B) in which Defendants request the Court to order the Government to provide discovery and immediately disclose any evidence that Defendants may be entitled to discover that the Government intends to use at trial under Rule 16. (Docket No. 32). In their brief in support of this motion, Defendants state that "[t]o date, the [G]overnment has provided the defense access to many discovery documents in their possession, and has agreed that the defense, upon reasonable notice, will be permitted continued access to such material, as well as the ability to copy the same." (Docket No. 56 at 1). Within said motion, Defendants also request the identification and production of any evidence to be offered at trial that "consists of or was derived from the 'fruits' of any search and/seizure authorized by virtue of a judicial and/or administrative search warrant." (Docket No. 56 at 6).

In response, the Government represents that "[t]he [G]overnment has no objection to disclosing to the [D]efendants, prior to trial, the specific documents which the [G]overnment intends

to introduce at trial. However, at this time, the government has not yet decided which items will be used at trial." (Docket No. 66). As to the Defendants' request for disclosures of the fruits of any search or seizures conducted under a search warrant, the Government represents that "[a]s far as "suppression" issues are concerned, the government did not conduct any searches of the [D]efendants' business, residence or other property during the investigation of this case." (Docket No. 66).

Given the representations of the Government with regard to the Rule 16 disclosures and the Defendants' Receipt of the Local Criminal Rule 16.1 disclosures from the Government (Docket Nos. 17 & 18), the Court finds that Defendants' motion requesting immediate disclosure required by Rule 16 is denied, as moot.

Defendants further request the "disclosure of Jencks material at least 30 days in advance of trial so as to permit its meaningful use by the defense." (Docket No. 56 at 8). As discussed in further detail above, the Jencks Act requires the Government to provide such material only after a government witness has testified on direct examination. The Government, however, has agreed to provide such materials to the Defendants in this case three days prior to jury selection. Accordingly, Defendants' motion requesting Jencks material thirty days prior to trial is also denied. The Government shall provide such materials three days prior to jury selection, unless otherwise ordered by the Court.

Based on the foregoing, Defendants' Motion for Discovery and Notice of Intention to Use Evidence [32] is DENIED.

G. *Motion for Search of Personnel Files of Government Agency Witnesses*

In this motion, Defendants request that the Court order the Government to "search the

personnel files and records of any government agent (including employees of the Internal Revenue Service) or police witness (including Federal Bureau of Investigation agents) in this case to determine whether there [exists] *Brady* or *Giglio* material which must be disclosed to the defense." (Docket No. 45). The Government counters arguing that "[t]he Department of Justice has implemented a *Giglio* Plan which is followed by the United States Attorney's Office in this District. That plan involves numerous federal law enforcement agencies, including the two agencies involved in this case" and "specifically includes a requirement that agents who are going to testify at a trial must notify the prosecutor, prior to trial, of the existence of any information in their personnel file which could reflect negatively on his/her credibility or honesty." (Docket No. 72 at 2). The Government maintains that the *Giglio* Plan sufficiently meets the requirements of the disclosure of materials under *Brady* and that any impeachment materials will be disclosed to the Defendants prior to trial. In *United States v. Dent*, the United States Court of Appeals for the Third Circuit held that:

> [t]hus although *Brady v. Maryland*, 373 U.S. 83, 87-88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), mandates that the prosecution disclose impeachment material that is exculpatory to the defendant, it does not require that the prosecution make the file available for the defendant's general perusal. Instead, the government need only direct the custodian of the files to inspect them for exculpatory evidence and inform the prosecution of the results of that inspection, or, alternatively, submit the files to the trial court for in camera review.

*U.S. v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998) (citing *United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir.1992); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985)). The Court finds that the *Giglio* Plan, as described in the Government's brief, comports with Third Circuit law. Further, Government Counsel represents to the Court that he "will personally make inquiry with each agency employee who will be called to testify, and that inquiry will address whether there is any

information in the witness's personnel files regarding disciplinary actions or findings indicating a lack of honesty or credibility" and "if any information exists which reflects negatively on a particular witness's honesty or credibility, the government will disclose the existence and nature of such materials to defense counsel." (Docket No. 72). Lastly, the Court again notes that the deadline for the disclosure of all impeachment materials by the Government will be set forth in the Court's Pretrial Order. Accordingly, Defendants' Motion for Search of Personnel Files of Government Agency Witnesses [45] is DENIED.

### III. CONCLUSION

Based on the foregoing, the disposition of certain of the Defendants' motions are, as follows:

A. *Motion for Disclosure of 404(b) Evidence* [29] is DENIED, as moot;

B. *Motion for Revelation of Identity of Informants* [51] is DENIED, as moot;

C. *Motion to Preserve Evidence* [55] is DENIED, as moot;

D. *Motion for Government Disclosure of Rule 807 "Residual Exception" Statements* [46] is DENIED, as moot;

E. *Motion for Pretrial Disclosure of All Brady Materials* [48] is DENIED;

F. *Motion for Discovery and Notice of Intention to Use Evidence* [32] is DENIED; and,

G. *Motion for Search of Personnel Files of Government Agency Witnesses* [45] is DENIED.

It is so ordered.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 27, 2008

cc/ecf: All counsel of record