## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-352 |
| | ) | Judge Nora Barry Fischer |
| SAMUEL J. MANFREDI and | ) | |
| MARILYN T. MANFREDI, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Upon consideration of Defendants Samuel J. Manfredi and Marilyn T. Manfredi's Motion to Submit Written Questionnaire to Prospective Jurors (Docket No. 152), their Brief in Support (Docket No. 153) and their Proposed Juror Questionnaire (Docket No. 153-2), to which the Government does not object, and after hearing oral argument from counsel on October 27, 2009, and for the following reasons, Defendants' Motion [152] is denied.  Accordingly, the Court will not permit the use of jury questionnaires in this case, but will utilize the oral voir dire process as in all other cases.

"The Sixth Amendment guarantees a 'right to ... trial by an impartial jury ...', but does not accord the right to either the prosecution or the defense 'to have voir dire conducted in such a way as to mold the jury in a way that the jury will be receptive to counsel's case.'" *United States v. Serafini*, 57 F.Supp.2d 108, 112 (M.D.Pa. 1999)(quoting U.S.CONST. amend VI; *United States v. Padilla-Valenzuela*, 896 F.Supp. 968, 972 (D.Ariz. 1995)).  A district court has broad "discretion in determining how best to conduct the voir dire." *Kirk v. Raymark Ind.*, 61 F.3d 147, 153 (3d Cir.

1

1995)(quoting *Waldorf v. Shuta*, 3 F.3d 705, 710 (3d Cir. 1992)); *see also United States v. Wecht*, 537 F.3d 222 (3d Cir. 2008)("the method of conducting the voir dire is left to the sound discretion of the district court.").  Likewise, a district court has discretion in determining whether to use juror questionnaires in conjunction with the voir dire process.  *See* W.D.Pa.LCrR 24.2 ("In its discretion, the Court may require potential jurors to complete a questionnaire before the formal voir dire process commences.").  A district court is granted considerable discretion in conducting voir dire because "the trial judge is in the best position to assess the credibility and demeanor of the prospective jurors." *Kirk*, 61 F.3d at 153.  It is the district court's duty to determine the impartiality of the potential jurors including to assess "whether the juror holds a particular belief or opinion that will prevent or substantially impair the performance of his [or her] duties as a juror in accordance with his [or her] instructions and his [or her] oath" and, thus, whether the juror should be excused for cause. *Kirk*, 61 F.3d at 153.   "A juror is impartial if he or she can lay aside any previously formed impression or opinion as to the merits of the case and can render a verdict based on the evidence presented in court." *Id*. (internal quotations omitted).  "However, the district court should not rely simply on the jurors' subjective assessments of their own impartiality." *Id*.

In light of this standard, the Court finds that the use of juror questionnaires is not appropriate in this case.  First, this case is not the type in which juror questionnaires have traditionally been employed in this District as it is not a capital case and has not had a substantial amount of publicity. *See e.g., United States v. Cyril H. Wecht*, Criminal No. 06-26; *United States v. Joseph P. Minerd*, Criminal No. 99-215; *United States v. Jelani Solomon*, Criminal No. 05-385.  Although this is a white collar case, it is clearly distinguishable from the Wecht prosecution as the Defendants are not public figures and their company is not well known whereas Dr. Wecht is the former Allegheny

County Coroner and a nationally recognized forensic pathologist. *United States v. Wecht*, 537 F.3d 222 (3d Cir. 2008). To this Court's knowledge, there has been no recent press coverage of this case, despite this Court's many rulings.[1]  In contrast, the Wecht case was also often debated in the media including claims by the Defendant that the prosecution was politically motivated.  Based on the substantial press coverage, the Honorable Arthur J. Schwab ordered that 400 jurors be summoned and employed the use of questionnaires. *Wecht*, 537 at 225.  These unique circumstances are not present in this case.  Moreover, this case is also distinguishable from *United States v. Serafini*, 57 F.Supp.2d 108, 111 (M.D.Pa. 1999), referenced above, which involved the prosecution of a public figure, Frank Serafini, a former state legislator.

Second, in this Court's experience, oral voir dire as conducted by this Court permits sufficient inquiry.  Moreover, voir dire dialogue between the Court and prospective jurors permits both parties and counsel to observe jurors' reactions and body language in response to questioning. Both Defendants and their counsel will be present throughout the voir dire proceedings which will enable them to fully evaluate the potential jurors including the ability to observe the many subtleties of human interaction that can be lost in a writing.

Third, the proposed juror questionnaire is very lengthy, including 73 questions and many sub-questions.  Reviewing the questions, in this Court's estimation, much of the information, if not all

---

[1]
The Court has located only three articles from the major local newspapers discussing this case, none of which are recent. *See e.g., Modeling agency owners charged with tax evasion,* Pittsburgh Tribune Review, September 26, 2007, *available at*: http://www.pittsburghlive.com/x/pittsburghtrib/news/cityregion/s_529376.html; *Modeling agency owners charged with tax evasion*, Pittsburgh Post Gazette, September 26, 2007, *available at:* http://www.post-gazette.com/pg/07269/820625-100.stm; *Parents warned of scams in child talent agencies*, Pittsburgh Tribune-Review, June 20, 2008, *available at:* http://www.pittsburghlive.com/x/pittsburghtrib/news/cityregion/s_573682.html.

sought to be gleaned from the use of the questionnaires can be obtained through the oral voir dire process. Indeed, many of the proposed questions are akin to those set forth in the Local Criminal Rules for the Western District of Pennsylvania. *See* W.D.Pa.LCrR 24.2. Further, in employing oral voir dire, the Court will be sensitive to the jurors' needs to the extent that individual voir dire is needed.

Fourth, despite Defendants' suggestion that this Court instruct the jurors that "[a]ll information contained in this questionnaire will be kept confidential and under seal," given counsel's intent to use the jurors' answers during the voir dire process, the Court does not feel that the confidentiality of the jurors' responses is completely protected. *See United States v. Wecht*, Cr. No. 06-26, Docket No. 629 (W.D.Pa. Dec. 21, 2007)(holding that the media would have access to the jurors' responses to questionnaires at the conclusion of trial); *Wecht*, 537 F.3d at 242 (holding that the district court erred by empaneling an anonymous jury). This concern is further heightened by defense counsel's proposed method of evaluating the jurors' answers, including taking copies outside the courthouse to another location for further evaluation, which this Court disapproves.

Finally, this Court, in her discretion, believes that the administration of justice in this case is best served through the use of oral voir dire. The Court feels that the oral voir dire process is the most efficient and cost effective way to select the jury in this case and will further the mission statement of the United States District Court for the Western District of Pennsylvania, which

> is to preserve and enhance the rule of law while providing an impartial and accessible forum for the just, timely and economical resolution of legal proceedings within the court's jurisdiction, so as to protect individual rights and liberties, promote public trust and confidence in the judicial system, and to maintain judicial independence.

4

*Mission Statement of the United States District Court for the Western District of Pennsylvania*, *available at*: http://www.pawd.uscourts.gov.

Based on the foregoing, Defendants' Motion to Submit Written Questionnaire to Jurors [152] is DENIED.  In order to best facilitate the oral voir dire process, the Court will produce a written version of the oral voir dire questions, distribute same to the parties and, if necessary, entertain any objections to the questions prior to the commencement of jury selection and trial.  If the parties identify objections to the Court's proposed voir dire questions, the Court strongly suggests that counsel for the parties meet and confer in an effort to resolve any disputes prior to requesting intervention from the Court.

_s/ Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Dated: October 30, 2009

cc/ecf:  All counsel of record