## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-352 |
| | ) | Judge Nora Barry Fischer |
| SAMUEL J. MANFREDI and | ) | |
| MARILYN T. MANFREDI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

I.     INTRODUCTION

Presently before the Court are the Government's Motion in Limine Regarding the Admissibility of the Testimony of Retired Bishop John Bernard McDowell (Docket No. 149), the trial deposition transcript of Bishop John Bernard McDowell (Docket No. 149-2, Defendants' Exhibit C), and Defendants' Exhibit A used during the deposition (Docket No. 149-3, Defendants' Exhibit D), the Defendants' Brief in Opposition (Docket No. 150), the Government's Supplemental Brief in Support (Docket No. 168), and the Defendants' Supplemental Brief in Opposition (Docket No. 169).[1] The legal issues to be resolved with respect to the Government's motion are fairly narrow: whether

---

[1]     The Court notes that Defendant Marilyn Manfredi has joined in both Defendant Samuel Manfredi's brief in opposition and supplemental brief in opposition. (*See* Docket Nos. 151, 170, 173). Accordingly, the Court will refer to the briefs as if submitted by both Defendants.

        The Court further notes that the trial deposition of Bishop McDowell and Defendants' Exhibit A were marked as Defendants' Exhibit C and D, respectively, for purposes of argument during the Pretrial Conference on October 27, 2009.

opinion testimony regarding the Defendants' character trait of "generosity" is admissible pursuant to Rules 404(a)(1) and 405(a) of the Federal Rules of Evidence and whether evidence of specific instances of the Defendants' honesty, truthfulness, integrity, or generosity are admissible pursuant to Rule 405(b).  Upon consideration of these submissions, and after hearing oral argument from counsel on October 27, 2009, the Government's Motion in Limine [149] is GRANTED.  Accordingly, the Defendants shall be precluded from presenting character evidence in the form of opinion testimony regarding their generosity and will also be precluded from presenting character evidence of specific instances of their honesty, truthfulness, integrity, generosity or other charitable acts at trial.

While the Government's motion pertains primarily to the testimony of Bishop McDowell, and Defendants' Exhibits C and D, this ruling also applies to Defendants' Exhibits E-L as well as any other potential witness testimony akin to that proffered from Bishop McDowell.

II.      LEGAL STANDARD

The admissibility of character evidence is governed by the interplay of Rules 404, 405 and 403 of the Federal Rules of Evidence.  Rule 404(a)(1) provides that:

> (a) Character evidence generally.--*Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except*:
>
> (1) Character of accused.--*In a criminal case, evidence of a pertinent trait of character offered by an accused*, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;

Fed.R.Evid.R. 404(a)(1)(emphases added).  Rule 405 provides that:

(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. *In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.*

Fed.R.Evid. 405 (emphasis added).  The admissibility of evidence offered pursuant to these Rules is governed by the balancing test of Rule 403, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403.

In *United States v. Logan*, the United States Court of Appeals succinctly described a criminal defendant's use of character evidence as a defense to criminal charges.

Character evidence is a unique kind of admissible circumstantial evidence. Although the accused's character usually is not the ultimate issue, lay witnesses are permitted to express opinions, based entirely on hearsay, that the defendant has a reputation in the community for truthfulness. The prosecution may not, during its case-in-chief, introduce evidence of the defendant's bad character or criminal predisposition. However, the defendant himself may elect to place his character at issue, and the opinion testimony which he introduces into the trial constitutes substantive evidence which, under certain circumstances, can raise a reasonable doubt as to his guilt, even though it does not relate to the specific criminal act of which he is accused.

*United States v. Logan,* 717 F.2d 84, 87-88 (3d Cir. 1983).  Further, "[b]y introducing evidence of his good character, the defendant 'throw[s] open the entire subject' of his character and, consequently, allows the prosecutor to penetrate a previously proscribed preserve, to produce contradictory

evidence, to cross-examine the defendant's character witnesses and to probe the extent and source

of their opinions." *Logan,* 717 F.2d at 87-88 (quoting *Michelson v. United States*, 335 U.S. 469, 479,

69 S.Ct. 213, 220, 93 L.Ed. 168 (1948)).  However, "[i]f, ... opinion evidence is offered in proof of

character, relevant cross examination is only that which bears on the fact or factual basis for

formation of the opinion."  *United States v. Cross*, 644 F.2d 263, 268 (3d Cir. 1981).

III.     DISCUSSION

    A.     *Is the Defendants' "Generosity" a Pertinent Trait Pursuant to Rule 404(a)(1)?*

    In this case, Defendants Samuel and Marilyn Manfredi are charged with conspiracy, tax

evasion, and unlawfully structuring currency transactions.  (Docket No. 1).  Defendant Samuel

Manfredi is also charged with filing false tax returns on behalf of his business, Aquarian &

Associates.  (*Id.*).  As a defense to these charges, the Defendants seek to introduce character evidence

in the form of an opinion by Bishop McDowell regarding their traits of honesty, truthfulness,

integrity, and generosity.  The Government does not object to the Defendants' introduction of opinion

testimony regarding the Defendants' traits of honesty, truthfulness, integrity or that they are law

abiding but seeks to exclude opinion testimony regarding the Defendants' "generosity." (Docket No.

149).  The Government argues that the trait of generosity is not relevant to this case and, therefore,

not pertinent as required under Rule 404(a)(1).  (*Id.*).  The Government further contends that even

if such evidence is somehow relevant to this case, it "should be excluded under Rule 403, because

the evidence's negligible probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, and the risk of misleading the jury."  (*Id.*).

    Defendants argue in response that the trait of generosity is pertinent as set forth in Rule

404(a)(1) because their generosity is relevant to the issues in this case.  (Docket No. 150).

4

Specifically, they maintain that "evidence of Defendants' generosity is relevant to the charges against them, as such evidence could cast doubt on claims that they willfully engaged in taking money from the government, conduct more consistent with a greedy than a generous character." (*Id*.).   They contend that the standard for admissibility of a pertinent character trait is mere relevance and that generosity is clearly relevant to their defense of the pending charges.   (*Id*)

In this Court's estimation, the trait of generosity is not pertinent to the charges in this case nor the defenses raised and, therefore, opinion testimony regarding the Defendants' possession of the trait of generosity is not admissible pursuant to Rule 401(a)(1).   Fed.R.Evid. 401(a)(1).   The Government's burden is not to prove that the Defendants were greedy or cheated the Internal Revenue Service but that the Defendants acted willfully, which is defined as "the voluntary, intentional violation of a known legal duty."   *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Manfredi*, 628 F.Supp.2d 608, 627 (W.D.Pa. 2009)(quoting same).   Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. As conceded by the Government, the character traits of truthfulness, honesty, and integrity are directly relevant to whether the Defendants acted willfully in violation of the federal tax laws at issue, 26 U.S.C. §§ 7201 and 7206(1).   However, that the Defendants possess the character traits of generosity or charitableness is not relevant or germane to the issue of willfulness.   *See United States v. Curtis*, 644 F.2d 263, 267 (3rd Cir. 1981)("an accused may advance more than one character trait as evidence, so long as each of those traits are germane to some issues in the trial."); *see also United States v. Rosin*, 263 Fed.Appx. 16, 30-1 (11th Cir. 2008)(not precedential)(district court properly excluded evidence of the defendant's reputation for engaging in

charitable activities in health care fraud prosecution); *United States v. Lay*, Crim. No. 07-339, 2007 WL 2902912 (N.D.Oh. Oct. 2, 2007)(discussing a criminal defendant's use of "good guy" character evidence as a defense), Docket No. 83, Order issued Oct. 10, 2007 (limiting character evidence to defendant's reputation for truth and veracity).  Similarly, the trait of generosity is not relevant or germane to whether the Defendants acted knowingly in violation of the structuring statue, 31 U.S.C. § 5324(a)(3).[2]

Defendants cite several decisions in support of their argument that opinion testimony regarding the trait of generosity is admissible, each of which the Court finds distinguishable.  In *United States v. Bonner*, 302 F.3d 776, 781-82 (7th Cir. 2002), and *United States v. Holloway*, 740 F.2d 1373 (6th Cir. 1984), the admissibility of character evidence under Rule 404(a)(1) was not raised as an issue on appeal, but character evidence regarding the defendants' generosity was admitted by the district court. While *Holloway* and *Bonner* did not directly address the issue of whether generosity is a pertinent trait under Rule 404(a)(1), these decisions are instructive as it appears that evidence of both defendants' generosity was permitted to be introduced in both cases because the precise defenses raised in those cases involved the defendant's alleged generosity.  The defendant in *Holloway* contended that she acted generously towards prisoners and cashed tax return checks on their behalf out of her desire to engage in charitable acts as a defense to charges that she

---

[2]

With respect to the structuring charge, the Government has the burden to prove that the Defendants: (1) knew that a financial institution was legally obligated to report currency transactions in excess of $10,000; (2) engaged in the structuring of a currency transaction; and (3) acted with the intent to evade the reporting requirement.  *See e.g.*, 31 U.S.C. § 5324(a)(3); L. SAND, et al., *Modern Federal Jury Instructions,* Instruction No. 50B-21 (2004); *United States v. Alston*, 77 F.3d 713, 717 n. 7 (3d Cir. 1996)(noting that amendments to the structuring statute eliminated the *mens rea* requirement of wilfulness); *United States v. MacPherson*, 424 F.3d 183, 189 (2nd Cir. 2005)(listing elements of 31 U.S.C. § 5324).

engaged in a fraudulent scheme to file false claims against the United States. *Holloway*, 740 F.2d 1373.  Likewise, the defendant in *Bonner* claimed that his duties as power of attorney for a widow were done in a charitable and generous way as a defense to mail fraud and theft of government funds counts which charged that he swindled the widow out of Veteran's Administration benefits checks.  *United States v. Bonner*, 302 F.3d at 781-82.  The Defendants make no such claims in this case, but instead argue that their generosity to others including individuals, charities and religious organizations supports their general character defense or to show that they are not "greedy," neither of which are appropriate uses of such evidence.

The other decisions cited by Defendants do not involve the character trait of generosity or the crimes of tax evasion, filing false tax returns, structuring currency transactions or a conspiracy to commit same as are charged in this case.  *See e.g., United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992)(defendant's trait of "law-abidingness" pertinent to drug charges and admissible); *United States v. Angelini*, 678 F.2d 380, 382 (1st Cir. 1982)(same); *United States v. Pujana-Mena*, 949 F.2d 24 (2d Cir.1991)(honesty and truthfulness pertinent to drug charges).  Again, the Government does not object to the introduction of opinion testimony regarding the pertinent characteristics of honesty, truthfulness, integrity or that the Defendants are law-abiding citizens and the Court will permit the Defendants to admit character evidence of these traits at trial, subject, of course, to "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.  Accordingly, the Government's motion in limine to preclude opinion testimony of the Defendants' generosity pursuant to Rule 404(a)(1) is granted.

B.      *Is Evidence of the Defendants' Specific Acts of Pertinent Traits Admissible?*

The Defendants also argue that the traits of honesty, integrity, truthfulness and generosity are

essential elements to their defense and that testimony regarding specific instances of their conduct in accord with these traits are admissible under Rule 405(b).  (Docket No. 150).  The Government objects to the Defendants' use of any evidence of specific instances of these character traits.  (Docket No. 149).  Bishop McDowell testified regarding specific charitable acts, donations and other acts of generosity by Defendants and Defense Exhibits D-L contain voluminous correspondence with clergy, churches and other charities regarding specific instances of the Defendants' generosity or charitable acts.  (Docket Nos. 149-2, 149-3, Defense Exhibits E-L).  As discussed above, the character trait of generosity is not pertinent to this case, and the Defendants are precluded from introducing same either by way of opinion testimony or specific instances.  However, given the Defendants' intent to introduce specific acts evidence in support of their traits of honesty, integrity, or truthfulness, further discussion is necessary.

While Rule 405(b) permits the introduction of instances of specific acts by a criminal defendant, the use of such evidence is limited.  Fed.R.Evid. 405(b).  In *Government of Virgin Islands v. Grant*, the United States Court of Appeals for the Third Circuit explained that:

> Fed.R.Evid. 405(b) permits the introduction on direct examination of evidence regarding specific acts when character is an essential element of a claim, charge or defense. One illustration would be a defamation case where the plaintiff's claim is that the defendant's defamatory statements harmed his reputation for good character. In such cases, character is said to be "in issue."

*Government of Virgin Islands v. Grant*, 775 F.2d 508, 511 (3d Cir. 1985).  Moreover, a leading treatise explains that character is "in issue":

> when character or a character trait is an operative fact which under the substantive law determines the legal rights of the parties. The cases in which character is an ultimate issue are relatively few; examples include a civil action for defamation of character where the

> defense of truth is raised or a prosecution under a federal statute that
> requires that the defendant be shown to be engaged in the business of
> gambling.

Wright & Miller, Federal Practice and Procedure, 22 FED.PRACT.P. § 5267.  One such instance in which specific acts evidence is admissible is when a defendant raises the defense of entrapment.  *See United States v. Jannotti*, 673 F.3d 578 (3d Cir. 1982).  In this context, the United States Court of Appeals for the Third Circuit has held that "because predisposition is an essential element of the entrapment defense, Rule 405(b) permits proof of specific instances of conduct."  *Jannotti*, 673 F.3d at 621.

Turning to the instant matter, the specific traits of honesty, integrity, truthfulness, and generosity are not essential elements of the charges of tax evasion, filing false tax returns, structuring currency transactions or the alleged conspiracy to commit these offenses or any defenses raised by the Defendants.  Moreover, the character traits raised by Defendants are general character traits and as they are not "essential elements" of the crimes or defenses, Rule 405(b) does not permit a criminal defendant to admit evidence of specific instances of these traits. Fed.R.Evid. 405(b).  Accordingly, the Government's motion in limine to preclude the Defendants' introduction of specific acts evidence under Rule 405(b) is granted.

C.     *Admissibility of Background Evidence*

Finally, the Defendants also maintain that the testimony of Bishop McDowell is admissible for the purpose of establishing background facts of how he knows the Defendants, and to lay the appropriate foundation for his opinions of the Defendants' character.  (Docket No. 150).  The Government again objects to the use of the proffered evidence in this manner.  (Docket Nos. 149, 168).  With respect to this issue, the United States Court of Appeals for the Third Circuit has held

that:

> The jurisprudence of "background evidence" is essentially undeveloped. "Background" or "preliminary" evidence is not mentioned in the evidence codes, nor has it received attention in the treatises. One justification for its admission, at least in terms of the background of a witness qua witness, is that it may establish absence of bias or motive by showing the witness' relationship (or non-relationship) to the parties or to the case. It may also be said to bear on the credibility of the witness by showing the witness to be a stable person.

*Grant*, 775 F.2d at 511. This Court has wide discretion in determining the admissibility of background evidence of this type. *Id*. ("In determining whether to admit background evidence ... wide discretion should remain with the trial court.")  Upon consideration of the proffered testimony of Bishop McDowell, the Court finds that, even after sustaining the Government's objections to portions of his testimony which address the traits of generosity and specific instances of that and other traits, sufficient background testimony is present to support Bishop McDowell's opinion of the Defendants as to their character traits of honesty, integrity and truthfulness.  (Docket No. 149-2).

Specifically, Bishop McDowell testified that: he has known the Defendants since 1987, approximately 22 years (*id*. at 13), the Defendants were parishioners at Epiphany Catholic Church when he was the Pastor there, he saw the Defendants from time to time over the years, (*id*. at 15), and that his interactions with them were primarily related to church projects (*id*. at 21).  In this Court's estimation, no further background information is needed to establish the foundation for Bishop McDowell's opinion testimony regarding the Defendants traits of honesty, integrity and truthfulness.

IV.     CONCLUSION

        Based on the foregoing, it is hereby ORDERED that the Government's Motion in Limine

[149] is GRANTED.  It is further ORDERED that:

1.      The Government's objections to Defendants' Exhibits D-L (including Docket No. 149-3, Defendants' Exhibit A to the deposition of Bishop McDowell also marked as Defendants' Exhibit D) are SUSTAINED.  Said exhibits shall not be admitted at trial;

2.      The Government's objections to the following portions of the trial deposition of Bishop McDowell (Docket No. 149-2, Defendants' Exhibit C) are SUSTAINED: page 13, line 15 "Well, it was a strange meeting."; page 13, lines 18-25; page 14, lines 10 starting with "They were in the business ..."-17; page 15, lines 7-25; pages 16, 17, and 18; page 19 lines 1-23; page 20, lines 10-19; page 21, lines 2-8; and page 22, lines 14-21.  Said portions of the deposition shall not be admitted at trial;

3.      Defendants shall confer with their videographer and arrange for editing of the trial deposition in accord with this Memorandum Order.  Moreover, the oral argument that appears at pages 4-8 and page 23, lines 9-17 should be deleted for presentation to the jury; and,

4.      Finally, the Court OVERRULES the Defendants' objections at page 25, line 8 and page 25, lines 10-12. Accordingly, page 25, lines 8-13 shall also be deleted from the deposition for trial purposes.


                                                _s/ Nora Barry Fischer_
                                                Nora Barry Fischer
                                                United States District Judge

cc/ecf:  All counsel of record