IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>SAMUEL J. MANFREDI and    )<br>MARILYN T. MANFREDI,    )<br>)<br>Defendants.    ) | Criminal No. 07-352<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court are Defendants Samuel J. Manfredi and Marilyn T. Manfredi's Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 807 (Docket No. 121)[1], the Government's Motion in Limine Regarding the Defendants' Intention to Introduce Testimony of Elsie Urban Under Rule 807 (Docket No. 171), and the Defendants' Brief in Opposition to the Government's Motion in Limine (Docket No. 175). In their Notice, the Defendants seek to introduce a hearsay statement purportedly made by Samuel J. Manfredi, Sr., Defendant Samuel Manfredi's deceased father, through testimony from Elsie Urban, Defendant Marilyn Manfredi's mother, pursuant to Rule 807 of the Federal Rules of Evidence. (Docket No. 121). The Government objects to the Defendants' use of the proffered hearsay statement at trial. (Docket No. 171). Upon consideration of these submissions, and after hearing oral argument from counsel on October 27, 2009, and for the following reasons, the Government's Motion in Limine [171] is granted.

---

[1] The Court notes that the notice was initially filed by Defendant Samuel J. Manfredi on June 30, 2009 but Defendant Marilyn T. Manfredi filed a motion to join the notice on June 30, 2009, which was granted by the Court. (*See* Docket Nos. 124, 139).

1

Accordingly, the Defendants shall be precluded from introducing the proffered hearsay statement at trial pursuant to Rule 807 of the Federal Rules of Evidence.

The Defendants' proffer of testimony of Elsie Urban states the following:

> [Mrs. Urban] is expected to testify that in approximately 1991 she and her husband, John Urban, who is now deceased, went to Mercy Hospital in Pittsburgh to visit Samuel J. Manfredi, Sr., the defendant's father, who was a patient there at the time. He died two years later, in 1993. Mr. and Mrs. Urban had a good relationship with Samuel J. Manfredi, Sr. During their visit with him at the hospital, they talked about their children, Sam and Marilyn. The Urbans expressed some concern about a large house Sam and Marilyn had just built and how they were going to pay for it, because, the Urbans believed, Sam and Marilyn's business was not doing as well as it had been. In response, Samuel Manfredi, Sr. told them not to worry about a thing, because he had given them more money than they will ever need.

(Docket No. 121 at 1-2).

Defendants do not dispute that the proffered testimony is based on hearsay, which is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). They also do not argue that the statement is admissible under any of the other exceptions to the hearsay rule set forth in Rules 803 and 804 of the Federal Rules of Evidence. *See* Fed.R.Evid. 803, 804. Instead, they seek to admit the testimony of Mrs. Urban pursuant to Rule 807, which provides that:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception

> unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed.R.Evid. 807. The United States Court of Appeals for the Third Circuit has recognized that the residual exception to the hearsay rule, codified at Rule 807, is "'to be used only rarely, and in exceptional circumstances' and 'appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present.'" *United States v. Wright*, 363 F.3d 237, 245 (3d Cir. 2004)(quoting *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir.1978)); *United States v. Lawrence*, 349 F.3d 109, 117 (3d Cir. 2003)(same).

This Court must first evaluate whether the statement has "exceptional guarantees of trustworthiness." *Wright*, 363 F.3d at 245. "[T]he trustworthiness of a statement should be analyzed by evaluating not only the facts corroborating the veracity of the statement, but also the circumstances in which the declarant made the statement and the incentive he had to speak truthfully or falsely." *Bailey*, 581 F.2d at 349. "[A]n assessment of the guarantees of trustworthiness relating to any statement is necessarily highly fact specific." *Wright*, 363 F.3d at 246. Several factors for consideration include whether:

> (1) the declarant was known and named; (2) the statement was made under oath; (3) the declarant knew his assertions were subject to cross-examination; (4) the statement was based on personal knowledge; (5) the declarant had motivation to lie; (6) the statement was corroborated; and (7) the declarant was qualified to make the assertion.

*United States v. Wilson*, 281 Fed.Appx. 96, 99 (3d Cir. 2008)(not precedential)(citing *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 113 (3d Cir.2001)).

A few of the factors weigh in favor of finding trustworthiness. The declarant is known and named, Mr. Manfredi, Sr. The statement was presumably made based on his personal knowledge and also involves matters on which he would be qualified to make a statement, i.e., whether he had given his son and daughter-in-law money.

However, the other factors weigh against the purported trustworthiness of the statement. While the Defendants contend that Mr. Manfredi, Sr. had no reason to lie or fabricate, the proffered statement does not have the reliability of the type of statements which are admitted pursuant to the hearsay exceptions set forth in Rule 804(b), i.e., former testimony, dying declarations, statements against interest or statements of family background or history. Fed.R.Evid. 807. As the Court of Appeals recognized in *Bailey*,

> [e]ach of these kinds of statements is admissible, through hearsay, because the circumstances in which the statements are made are indicative of a strong propensity for truthfulness (dying declarations), because there has been a previous opportunity for cross-examination (former testimony), or because the contents of the statements themselves are of such a nature that one reasonably would conclude that the speaker was telling the truth (statements against interest, statements of family history).

*Bailey*, 581 F.2d at 348-49. The strong propensity for truthfulness associated with a dying declaration is not present because Mr. Manfredi, Sr. made the alleged statement in 1991, but died two years later. *See* Fed.R.Evid. 804(b)(2)(dying declaration). The statement was also not made under oath nor subject to cross-examination, the traditional methods used to ensure and/or evaluate the trustworthiness of a statement. *See* Fed.R.Evid. 804(b)(1)(former testimony). Further, the alleged statement is not of such a nature that one would reasonably conclude that Mr. Manfredi was being truthful because the statement involves a voluntary gift made to his son and daughter-in-law

in the past as opposed to a statement against his pecuniary or proprietary interests, such as an acknowledgment of a debt owed or an agreement to make a future gift. *See* Fed.R.Evid.(b)(3)(statement against interest). "The circumstantial guarantee of reliability for declarations against interest is the presumption that persons do not make statements which are damaging to themselves unless satisfied for good reason they are true." Fed.R.Evid. 804, 1972 Advisory Committee Notes (citing *Hileman v. Northwest Engineering Co.*, 346 F.2d 668 (6th Cir. 1965)). The proffered statement is not damaging. Instead, it is self-serving and one could reasonably conclude that Mr. Manfredi, Sr. had an incentive to exaggerate his past philanthropy to his son and daughter-in-law. Finally, the statement is not one potentially subjecting him to civil or criminal liability and does not involve any statements of family history. *See* Fed.R.Evid. 804(b)(3) and (4). Accordingly, the trustworthiness of the proffered statement is not as reliable as those statements which are admitted as exceptions to the hearsay rule under Rule 804(b).

In evaluating the trustworthiness of the statement, "consideration should [also] be given to factors bearing on the reliability of the reporting of the hearsay by the witness." *Bailey*, 581 F.2d at 349. Mrs. Urban, who is proffered to testify, is Marilyn Manfredi's mother and Samuel Manfredi's mother-in-law and has an inherent bias in favor of them, especially considering that the Manfredi's face potential criminal liability in this case. Moreover, there is no corroborating evidence of the statement because the only other person (outside of Mrs. Urban) present for the alleged conversation, Mr. Urban, is now deceased. The statement was purportedly made 18 years ago, and it is axiomatic that over time witnesses' memories fade, undermining the reliability of testimony. Given the inherent bias of Mrs. Urban, the lack of corroborating evidence and the age of the alleged statement, the reporting of the hearsay statement by Mrs. Urban is not reliable.

After weighing the factors described above, the Court concludes that the proffered statement does not have "equivalent circumstantial guarantees of trustworthiness" to the hearsay exceptions in Rules 803 and 804. Fed.R.Evid. 807.

While the inquiry could end here, the Court also notes that the proffered statement does not meet the other requirements of Rule 807. The probative nature of the statement is questionable, at best, and the statement is not "more probative on the point for which it is offered than other evidence which the [Defendants] can procure through reasonable efforts." Fed.R.Evid. 807. Defendants argue that "the statement is offered as evidence of a material fact that Defendant[s] [were] given substantial non-taxable monies." (Docket No. 175 at 3). However, the proffered hearsay statement is vague and ambiguous on this point, merely stating that Mr. Manfredi, Sr. gave the Defendants "more money than they will ever need" some time prior to "approximately" 1991.[2] (Docket No. 121 at 1-2). The Defendants, the alleged recipients of the described gift, are available to testify regarding this point. In fact, it would seem that they could offer more specific testimony than that contained in the proffered hearsay statement.[3] *See United States v. Manfredi*, 628 F.Supp.2d 608, 648 (W.D.Pa. 2009)(citing *United States v. Leggett*, 162 F.3d, 237, 244 (3d Cir.1998), *which cited Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987))("A defendant's right to testify on his or her own behalf at a criminal trial is unquestionably protected by the United States

---

[2]

The Court notes that the charged criminal conduct in this case allegedly occurred from March, 16,1998 to April 15, 2004. The admission of a hearsay statement of an alleged gift made prior to 1991 invites speculation by the jurors as to what happened to the money during the time period between the alleged gift and the charged criminal conduct.

[3]

At oral argument, Defendant Samuel J. Manfredi responded to the Court's question as to the source of Mr. Manfredi Sr.'s wealth, i.e., restaurant business and scrap metal business, among others.

Constitution."). Therefore, the proffered hearsay statement does not meet the requirements of Rule 807(B).

Further, even considering the alleged difficulties in defending a tax evasion case prosecuted under the bank deposits method, given the lack of circumstantial guarantees of trustworthiness and probativeness of the proffered hearsay statement, the "general purposes" of the Federal Rules of Evidence and the "interests of justice" would not be served by admitting the statement into evidence at trial.[4]  Fed.R.Evid. 807(C).  Our jury trial system favors live testimony of witnesses over hearsay because live testimony permits cross-examination and enables jurors to fully evaluate the witness's demeanor.  *See United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977)(citing 2d McCormick, Evidence § 244)("In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court declarant.").  These purposes would be frustrated by admitting the hearsay statement in this case.

In light of these findings, the decisions relied upon by the Defendants, *Copperweld Steel Co. v. Demag- Mannesmann-Bohler*, 578 F.2d 953 (3d Cir. 1978) and *Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79 (3d Cir.2001), are clearly distinguishable.  Both are civil actions and each involved rare circumstances which are not present in this case.  In *Copperweld Steel*, a breach of contract case, the district court admitted a memorandum prepared by counsel of an interview with a deceased executive pursuant to Rule 804(b)(5), the former version of Rule 807.  *Copperweld Steel*, 247 F.2d at 964.  The executive was central to negotiations of the commercial transaction in dispute,

---

[4] The Court notes that, pursuant to Rule 102, the Federal Rules of Evidence "shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Fed.R.Evid. 102.

and the district court found that the evidence was more probative than any other evidence on the disputed issues and that the executive had adopted the statement as his statement of the case. *Id*. The Court of Appeals affirmed the district court's ruling, further noting that the executive had actually edited the memorandum including making handwritten notes on the document and that the parties had stipulated that the attorney who drafted the memorandum was not needed to testify that he authored the document. *Id*. at 964, n.16. *Uddeholm* was also a commercial case involving a deceased executive. *Uddeholm*, 247 F.3d at 112. In that case, an affidavit by the executive was admitted pursuant to Rule 807 on grounds that the affidavit was the only evidence available which contained the executive's interpretation of the contractual agreement in dispute as he was the only company representative present during the negotiations. *Id*. at 113. The district court also found that the opposing party had the ability to rebut the assertions contained in the affidavit through its witnesses, who were available to testify at trial. *Id*. Moreover, the statements in the affidavit were made under oath and were partially corroborated by other evidence. *Id*. The Court of Appeals affirmed, relying, in part, on its earlier decision in *Copperweld Steel*. *Id.*

      The decisions in *Copperweld Steel* and *Uddeholm* represent the "rare" situation and "exceptional circumstances" in which hearsay statements may be admitted pursuant to Rule 807. *Wright*, 363 F.3d at 245. The documentary evidence in those cases, the memorandum and affidavit, were highly probative as each were easily attributed to the declarant and were able to be rebutted by the opposing party. There is no such documentary evidence proffered in this case and there is no opportunity for the Government to rebut the hearsay statement given its age and circumstances. For these reasons, and those more fully stated above, the instant matter is simply not one of the "rare" cases, and there are no such "exceptional circumstances" present which permit the introduction of

hearsay statements under Rule 807. *Id*.

Based on the foregoing, the Government's motion in limine [171] is GRANTED. Accordingly, the Defendants shall be precluded from introducing the proffered hearsay statement into evidence at trial pursuant to Rule 807 and/or from making reference to same in opening statements and closing arguments.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: November 13, 2009

cc/ecf:  All counsel of record